■ In the Matter of ANNE GRETSCH, Also Known as ELIZABETH A. GRETSCH, Petitioner, v MARIO M. CUOMO, as Secretary of State of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent Secretary of State, dated October 7, 1976 and made after a hearing, as, pursuant to section 441-c of the Real Property Law, found that petitioner had demonstrated untrustworthiness and suspended her license as a real estate broker, unless she complied with a certain condition. Petition granted, determination annulled insofar as reviewed, on the law, without costs or disbursements, and charges dismissed. In our opinion, the respondent's finding of untrustworthiness is not supported by substantial evidence. Hopkins, J. P., Latham, Titone and O'Connor, JJ., concur.

■ In the Matter of RANDOLPH W. LA CROIX, Appellant, v ENNIS J. OLGIATI, as Chairman of New York State Board of Parole, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination made at a parole revocation hearing, petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated October 4, 1976, which denied the application. Appeal dismissed as academic, without costs or disbursements. The petitioner seeks to rescind a revocation of parole. However, he since has been released on parole a second time. Therefore, any decision by this court would be academic and the matter is moot (cf. *People ex rel. Tucker v Board of Parole,* 56 AD2d 585). Hopkins, J. P., Latham, Titone and O'Connor, JJ., concur.